NORTHERN INSURANCE CO. OF
NEW YORK, Plaintiff—
Appellee,

v.

Shane Kaleo HIRAKAWA, et al.,
Defendants—Appellants,

and

Deborah Kubo, et al., Defendants.

Northern Insurance Co. of New
York, Plaintiff—Appellee,

v.

Shane Kaleo Hirakawa,
et al., Defendants,

and

Daena M.L. Shigemura, et al.,
Defendants—Appellants.

Nos. 02–15623,* 02–15630.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2003.

Decided June 23, 2003.

Before: T.G. NELSON and HAWKINS,
Circuit Judges, and ZILLY, District
Judge.**

MEMORANDUM ***

Appellants Shane Hirakawa, Herman
Kapiioho, Gwendolyn Kapiioho, Daena
M.L. Shigemura, and Cindy Tamura, as
Next Friend of Daena M.L. Shigemura, a
minor, appeal the district court's grant of
summary judgment in favor of Appellee
Northern Insurance Co. on its declaratory
judgment action seeking a declaration that
it did not owe a duty to defend or indemni-
fy its insureds for claims brought in an
underlying personal injury action.

---

* The parties have stipulated to the consolida-
tion of Case Nos. 02–15623 and 02–15630 for
purposes of this appeal.

** Honorable Thomas S. Zilly, United States
District Judge for the Western District of
Washington, sitting by designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

Appellee's insurance policy covers claims for bodily injury "caused by an 'occurrence,'" and defines "occurrence" as an "accident." Under Hawaii law, "if the insured did something or … failed to do something, and the insured's expected result of the act or omission was the injury, then the injury was not caused by an accident and therefore not an occurrence." *Hawaiian Ins. & Guar. Co. v. Blanco*, 72 Haw. 9, 804 P.2d 876, 880 (Haw.1990), *overruled in part on other grounds by Dairy Road Partners v. Island Ins. Co.*, 92 Hawai'i 398, 992 P.2d 93 (Haw.2000).

The insured has the burden of establishing coverage under an insurance policy. *Sentinel Ins. Co. v. First Ins. Co. of Haw., Ltd.*, 76 Hawai'i 277, 875 P.2d 894, 909 n. 13 (Haw.1994). An "insurer may only disclaim its duty to defend by showing that *none* of the facts upon which it relies might be resolved differently in the underlying lawsuit." *Dairy Road Partners*, 992 P.2d at 117.

A genuine issue of material fact exists regarding whether Shane Hirakawa intended to hit Daena Shigemura and cause injury. Appellants submitted evidence from Dr. Matthews who stated that Shane Hirakawa was "psychotic at the time of the attack" and "out of touch with reality." In the underlying personal injury action, Shane Hirakawa testified at his deposition that he had no idea why he wanted the sword, and had no plan concerning the sword.

Hawaii law clearly establishes that whether an injury is an accident is determined from the perspective of the insured. *AIG Haw. Ins. Co. v. Estate of Caraang*, 74 Haw. 620, 851 P.2d 321, 328–29 (Haw. 1993); *Blanco*, 804 P.2d at 880. Shane Hirakawa's deposition testimony, Dr. Matthews's testimony, and the inferences drawn therefrom prevent the court from conclusively establishing as a matter of law

that Shane Hirakawa intended to hit Daena Shigemura and cause injury.

The district court erred in finding that there was no genuine issue of material fact regarding whether Shane Hirakawa intended to hit Daena Shigemura and cause bodily injury. The district court's grant of summary judgment was therefore improper.

REVERSED and REMANDED.